# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY E. STARKS JR., et al.,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-659-JPG |
| **JAMES J. DAVIDSON, et al.,** | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiffs Larry E. Starks, James Brown, Kevin D. Drysdale, David Coleman, and Craig L. Spencer were, at the time of filing of the present suit, all inmates of the Southwestern Illinois Correctional Center.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

---

[1] Since filing, Spencer is now an inmate at Lawrence Correctional Center, and all other plaintiffs have been paroled.

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**FACTS ALLEGED**

On May 13, 2008, Defendants Vitale, Parker, and Morrison conducted in a housing unit shakedown. This shakedown took place in housing unit one, where Plaintiffs were housed. During the shakedown, Plaintiffs were required to remove all articles of clothing and submit to a strip search, which was issued in the presence of a female officer.

After the search, the inmates of housing unit one were moved to the gymnasium. Once inside, they were forced to sit in a cramped "Indian-style" position for two and a half hours. Plaintiffs were told that they must sit on their crossed legs at all times, and could not let their hands touch the floor. After remaining in this position for two and a half hours, the inmates were told to stand, but no inmate could comply as each had suffered lack of blood circulation as a result of the way in which they were forced to remain sitting. Parker, Vitale, and Morrison informed the inmates that the shakedown was a result of the housing unit's failure to meet the prison's acceptable level of performance.

Plaintiffs and the other inmates were escorted back to the housing unit. Upon returning, they discovered that all their personal belongings, such as mattresses, clothing, and bedding, had been purposefully mixed in a large pile in the center of the floor space. Plaintiffs argue that the prison has acceptable forms of punishment to implement upon prisoners who have failed to perform, such as segregation and loss of privileges, and that the actions taken during the shakedown constitute cruel and unusual punishment.

**DISCUSSION**

Local Rule 3.1 of the United States District Court for the Southern District of Illinois

requires that "[a]ll petitioners and plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs."Local Rule 3.1(b).  On June 8, 2009, the Clerk attempted to send documents related to this case to Larry Starks, Kevin Drysdale, and David Coleman.  These documents were sent on June 9, 2009, to Craig Spencer.  In each case, the documents were returned to the Clerk as undeliverable, indicating that the addresses on file for Starks, Drysdale, Coleman, and Spencer are no longer current.  As of July 1, 2009, more than seven days after the documents were mailed and returned, Starks, Drysdale, Coleman, and Spencer have not informed the Clerk of a change in address.  Thus, pursuant to Local Rule 3.1(b), this case as brought by Starks, Drysdale, Coleman, and Spencer is **DISMISSED**.

Plaintiff James Brown informed the Clerk of his change of address on November 25, 2008. Because Brown has complied with the requirements of Local Rule 3.1(b), this case may proceed in Brown's name.

Brown claims that Parker, Vitale, and Morrison violated his right to be free from cruel and unusual punishment when he was subjected to an unprovoked strip search in front of female officers, then required to sit in a cramped position for two and a half hours, cutting off blood flow to his limbs.

*Strip Search*

As to Brown's claim that he was subjected to a strip search in the presence of female officers, a vast majority of federal circuit courts have stated that the Constitution requires that prisons reasonably attempt to accommodate inmates' desire to be free from observation while naked by prison guards of the opposite gender. An inmate's right to privacy may be violated where observation is necessarily intrusive, such as during a non-emergency strip search. *See Cookish v.*

*Powell*, 945 F.2d 441 (1st Cir. 1991); *Forts v. Ward*, 621 F.2d 1210 (2d Cir. 1980); *Lee v. Downs,* 641 F.2d 1117 (4th Cir. 1981); *Kent v. Johnson*, 821 F.2d 1220 (6th Cir. 1987); *Gunther v. Iowa State Men's Reformatory,* 612 F.2d 1079 (8th Cir.), *cert. denied*, 446 U.S. 966 (1980); *Timm v. Gunter*, 917 F.2d 1093 (8th Cir. 1990); *Grummett v. Rushen,* 779 F.2d 491 (9th Cir. 1985); *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir.1988); *Jordan v. Gardner*, 986 F.2d 1521 (9th Cir. 1993); *Cumbey v. Meachum*, 684 F.2d 712 (10th Cir. 1982); *Hardin v. Stynchcomb*, 691 F.2d 1364 (11th Cir. 1982). *See also Meriwether v. Faulkner,* 821 F.2d 408, 418 (7th Cir.1987).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss this claim at this time.

*Cruel and Unusual Punishment*

As to Brown's claim that requiring him to remain in a crouched position for two and a half hours constituted cruel and unusual punishment, the Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime .*Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346; *see also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a

conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to

suffer the harm. *Jackson*, 955 F.2d at 22. It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss this claim at this time.

*Supervisory Liability*

Brown finally claims that as warden of the prison, Davidson had a duty to ensure that Vitale, Parker, and Morrison acted within the scope of their duties and did not treat inmates in a cruel and unusual manner. Like many other inmates, Brown seems to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *See Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).

*Burks*, 555 F.3d at 595.

Brown has alleged that Vitale, Parker, and Morrison acted to deprive him of his rights, but he does not implicate Davidson in those actions. Because Davidson is responsible only for his own misdeeds, and none are alleged against him, this claim against Davidson must be dismissed.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiffs **STARKS, SPENCER, DRYSDALE** and **COLEMAN** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendant **DAVIDSON** is **DISMISSED** with prejudice from this action. Plaintiff BROWN is advised that the dismissal of this claim against Davidson will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **PARKER, VITALE,** and **MORRISON**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **PARKER, VITALE,** and **MORRISON** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the I.D.O.C. who no longer can be found at the work address provided by Plaintiff, the I.D.O.C. shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for

purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: July 16, 2009.**

                                                  s/ J. Phil Gilbert
                                                  U. S. District Judge