IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES BROWN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **08-659 - JPG-CJP** |
| | ) | |
| **JEFFREY PARKER,** | ) | |
| **RON VITALE, and** | ) | |
| **BRUCE MORRISON,** | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Plaintiff James Brown is an inmate in the custody of the IDOC, currently incarcerated at Menard Correctional Center. He brings suit pursuant to 42 U.S.C. §1983 for violation of his constitutional rights. The events complained of occurred on May 13, 2008, while plaintiff was incarcerated at Southwestern Correctional Center. He alleges that, in the course of a shakedown performed by the three defendants, he was subjected to a strip search in front of a female prison employee and was forced to sit in a cramped position for over two hours. See, order on preliminary review, **Doc. 32**.

Now before the Court are defendants' Motion to Dismiss for Want of Prosecution (**Doc. 56**) and Motions for Summary Judgment (**Docs. 50 & 53**). Plaintiff responded to the motions at **Doc. 65.**

**1.    Motion to Dismiss, Doc. 56**

Defendants Vitale and Parker move to dismiss because plaintiff did not file a timely response to their Motion for Summary Judgment. Brown's failure to respond appears to have

1

resulted from the fact that the Motion for Summary Judgment was mailed to the wrong address.

Brown was released from the IDOC during the pendency of this suit, and then moved two times. **See, Docs. 22 & 42.** As of July 31, 2009, Brown was living on Smith Avenue in DuQuion, Illinois. **(Doc. 42)**. However, the certificate of service on the Motion for Summary Judgment, **Doc. 50**, lists Brown's previous address on Olive Street in DuQuion.

Brown returned to the IDOC at some point. In a notice dated February 22, 2010, only two and a half weeks after the Motion to Dismiss was filed, Brown notified that Court that he was assigned to Menard Correctional Center. **See, Doc. 57.** Brown has subsequently responded to defendants' pending motions at **Doc. 65.** Under the circumstances, this Court recommends that the Motion to Dismiss **(Doc. 56)** be denied.

**2.      Motions for Summary Judgment, Docs. 50 & 53**

Defendants argue that plaintiff failed to exhaust administrative remedies before filing suit. Plaintiff admits that he filed suit before his grievance was exhausted. As there is no dispute as to the facts regarding exhaustion, a hearing pursuant to *Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008)** is not necessary.

**Standard for Summary Judgment**

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);  see** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc*.**, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary

judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial.  ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage.  Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," ***Anderson*, 477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).**  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  ***Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed.  ***Duncan v.Duckworth*, 644 F.2d 653, 655 (7th Cir.1981).**

### The Exhaustion Requirement

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The applicability of the above section is determined by plaintiff's status at the time suit was filed.  ***Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004)**.  At the time suit was filed, Brown was an inmate in the IDOC.  **See, Docs. 1, 3**.  Thus, he was required to exhaust administrative remedies before he filed suit.

*Perez v. Wisconsin Department of Corrections*, **182 F.3d 532 (7th Cir.1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not

3

jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. *See* **42 U.S.C. § 1997e(a); and** *Perez***, 182 F.3d at 535-536.** The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, **122 S.Ct. 983, 992 (2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800** *et seq*. In summary, these regulations provide that the inmate shall first attempt to resolve problems or complaints with his counselor. If the problem is not resolved, the inmate must first submit his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Officer (*i.e*., the warden). Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." The warden notifies the inmate in writing of his decision. If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB). Administrative remedies are exhausted when the ARB responds to the appeal. *Pozo v. McCaughtry*, **286 F.3d 1022, 1024 (7th Cir. 2002)**.

### Analysis

Defendants concede that Brown filed a relevant grievance on June 6, 2008. **Doc. 50, p. 2; Doc. 53, p. 3**. All parties agree that Brown appealed the denial of this grievance to the ARB, and that the ARB responded thereto on December 29, 2008, after this lawsuit was filed. Plaintiff concedes that he filed suit before the ARB responded to his appeal. **Doc. 65, p. 2**.

Defendants' motions should be granted. Exhaustion must occur *before* suit is filed;

plaintiff cannot file suit and then exhaust his administrative remedies while suit is pending. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Plaintiff suggests that the exhaustion requirement was satisfied because he mailed the appeal to the ARB before he filed suit. **See, Doc. 65, p. 3.** He is incorrect. This is not a case where the prison's response to his appeal was unduly delayed. 20 IL ADC 504.850(f) provides a six month response period at the third and last stage of the grievance process. Here, Brown's appeal was mailed to the ARB on August 4, 2008, and the ARB responded on December 29, 2008, well within the six month period. **See, Doc. 50, p. 2**. Exhaustion requires that a prisoner "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). In the Illinois system, exhaustion requires that the prisoner file the appeal *and* give the appeal board an opportunity to decide the appeal. *Ibid*.

Plaintiff also suggests that he was not required to wait for the ARB's response because he knew that the ARB would deny the appeal. **Doc. 65, p. 2**. Again, he is incorrect. Exhaustion is required despite the "inmate's perception that exhaustion would be futile." *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005). Further, exhaustion is required despite the fact that the administrative process does not provide for the type of relief sought, i.e., money damages. *Booth v. Churner*, 121 S.Ct. 1819, 1825 (2001).

## Recommendation

This Court recommends that defendants' Motion to Dismiss for Want of Prosecution **(Doc. 56)** be **DENIED**, and that defendants' Motions for Summary Judgment **(Docs. 50 & 53)** be **GRANTED**. This case should be dismissed without prejudice as to all defendants. **See,** *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

If this Recommendation is accepted in its entirety, no claims will remain pending.

Objections to this Report and Recommendation must be filed on or before

5

**April 29, 2010.**

      **Submitted: April 12, 2010.**

                                       **s/ Clifford J. Proud**
                                       **CLIFFORD J. PROUD**
                                       **UNITED STATES MAGISTRATE JUDGE**