UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BROWN,<br><br>  Plaintiff,<br><br> v.<br><br>JEFFREY PARKER, *Assistant Warden*,<br>RON VITALE, *Warden of Programs*, and<br>BRUCE MORRISON, *Director of Civigenics Drug and Alcohol Treatment Program*,<br><br>  Defendants. | Case No. 08-cv-659-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Magistrate Judge Clifford J. Proud's Report and Recommendation ("R & R") (Doc. 66), wherein it is recommended that the Court deny Defendants' Motion to Dismiss (Doc. 56), grant Defendants' Motions for Summary Judgment (Docs. 50, 53), and direct entry of final judgment. Plaintiff James Brown ("Brown") filed an Objection (Doc. 68) to the R & R, to which Defendants submitted a Response (Doc. 69). For the following reasons, the Court **ADOPTS** the R & R **in its entirety**.

After reviewing a report and recommendation, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for

clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, Brown filed a limited objection to Magistrate Judge Proud's R & R. More precisely, Brown makes the following two arguments: 1) since he was released from prison on October 17, 2008, a little less than a month after he filed his Complaint (Doc. 1), he was not or should not be subject to the Prison Litigation Reform Act ("PLRA") and its exhaustion requirements, and; 2) the Administrative Review Board ("ARB") did not make a timely determination as to Brown's grievance.  Per *Johnson*'s mandate, these portions of the R & R shall be reviewed *de novo*; however, well-established precedent dictates that both of Brown's arguments be disposed of quickly.

The PLRA states, in relevant part, as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2006).  In interpreting the PLRA, the Seventh Circuit has repeatedly held that, to discern "whether a plaintiff is a 'prisoner confined in jail,' [courts] must look to the status of the plaintiff *at the time he brings his suit*." *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) (emphasis added); *see Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). Here, it is undisputed that Brown was confined at Southwestern Illinois Correctional Center when he filed his complaint on September 22, 2008. (*See* Doc. 1, p. 1).  Accordingly, he was bound by the PLRA and its exhaustion requirements.  Brown's alternative contention, that "once out of prison[,] the exhaustion of administrative remedies *shouldn't* no longer [sic] apply," (Doc. 68, p. 2) (emphasis added), would be best directed to Congress.  It is not this Court's role to amend explicit statutory language.

Brown's second and final argument, that the ARB took too long in making its determination, does not comport with relevant law or the facts of this case. The grievance procedure governing the Illinois Department of Corrections ("IDOC") states that "[t]he Director shall review the findings and recommendations of the [Administrative Review] Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances." ILL. ADMIN. CODE. TIT. 20 § 504.850(f) (2010). This represents the final hurdle in the administrative exhaustion process for IDOC inmates seeking to file suit in federal court. Here, the ARB received Brown's grievance on August 7, 2009, and responded on December 29, 2009. Obviously, by responding within the six-month period, the ARB acted appropriately under the IDOC grievance procedure.[1] In his objection, Brown claims that he "never received a respond [sic] from the ARB . . . , until around or about February 27, 2010, or March 2, 2010 . . . ." (Doc. 68, p. 1). This is because IDOC released Brown around the time he appealed to the ARB. However, it was Brown's responsibility to inform IDOC of his new address so that he would receive the ARB's decision in a timely manner. More importantly, the underlying regulation merely governs issuance of the ARB's determination, not an inmate's receipt of it. Consequently, Defendants' summary judgment motions shall be granted.

Brown made no objection as to the remaining portions of Magistrate Judge Proud's R & R. The Court has reviewed those portions for clear error and does not find them to be clearly erroneous. This includes his recommended denial of Defendants' Motion to Dismiss (Doc. 56),

---

[1] There is no indication in the record that Brown's grievance was of an emergency nature that necessitated expedited review. *See* ILL. ADMIN. CODE. TIT. 20 § 504.850(f) (2010)

which shall be adopted.

For the foregoing reasons, the Court **ADOPTS** the R & R (Doc. 66) of Magistrate Judge Proud **in its entirety**, whereby the Court **GRANTS** Defendants' Motions for Summary Judgment (Docs. 50, 53) and **DENIES** Defendants' Motions to Dismiss (Doc. 56). The Court **DISMISSES** Brown's claims against Defendants Jeffrey Parker, Ron Vitale, and Bruce Morrison **without prejudice**. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED**
**DATED: September 22, 2010**

                    s/ J. Phil Gilbert
                    **J. PHIL GILBERT**
                    **DISTRICT JUDGE**